# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MICHAEL OUELLETTE,
    Plaintiff,

v.

KEVIN McCRYSTAL,
    Defendant.

No. 3:17-cv-00995 (SRU)

## INITIAL REVIEW ORDER

Michael Ouellette, currently confined at MacDougall-Walker Correctional Institution ("MacDougall-Walker") in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 challenging his medical care. The named defendant is Physician's Assistant Kevin McCrystal. Ouellette's complaint was received on June 15, 2017, and his motion to proceed *in forma pauperis* was granted on June 23, 2017.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise

the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**I.     Allegations**

In 2007, Ouellette was diagnosed with Type II diabetes, which is managed with a daily oral hypoglycemic agent. Ouellette was checking his blood glucose levels twice a week using Accu-Checks.

Ouellette decided to check his levels less frequently, only two or three times in a three-month period. He did so because he disagreed with the time at which medical staff came to check his glucose levels. Nursing staff often came right after dinner, and Ouellette did not think the levels should be checked immediately after eating. He also did not think twice-weekly checks were necessary because his glucose levels were often good.

On August 24, 2015, McCrystal discontinued the Accu-Checks because Ouellette was not compliant with the medical orders. Ouellette asked to resume the checks but the requests were denied. Department of Correction policy states that inmates with Type II diabetes who take oral hypoglycemic agents will have their glucose levels checked "at intervals." *See* Compl., Doc. No. 1, at ¶ 17.

**II.    Analysis**

Ouellette alleges that McCrystal was deliberately indifferent to his serious medical need. "The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation

2

marks omitted). To establish a claim for deliberate indifference to a serious medical need, Ouellette must allege facts demonstrating two elements.

The first element is objective—"the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone*, 719 F.3d at 138 (internal quotation marks omitted). Under this objective element, a court must determine first, "whether the prisoner was actually deprived of adequate medical care," and second, "whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). Adequate medical care is reasonable care, such that "prison officials who act reasonably cannot be found liable." *Farmer v. Brennan,* 511 U.S. 825, 845 (1994). Ouellette also must allege facts showing that his medical needs, "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Nevertheless, the Second Circuit has presented "a non-exhaustive list" of factors to consider. *Id.* Those factors are "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

In considering deliberate indifference claims, courts distinguish between situations where no medical attention is given, and situations where medical attention is given, but is objectively inadequate. In the former, the court need only "examine whether the inmate's medical condition is sufficiently serious." *Salahuddin,* 467 F.3d at 280. In the latter, the inquiry is "narrower." *Id.*

For example, "if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Id.* (quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003)).

The second element of a claim for deliberate indifference to a serious medical need is subjective—the defendant "must be subjectively reckless in [his] denial of medical care." *Spavone*, 719 F.3d at 138. The inquiry concerns whether the defendant "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (summary order) (quoting *Farmer*, 511 U.S. at 837–38) (internal quotation marks omitted). The defendant must have acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted). By contrast, "mere medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves culpable recklessness, i.e., a conscious disregard of a substantial risk of serious harm." *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted). Furthermore, "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*

In the present case, Ouellette suffers from Type II diabetes. He alleges that, after he refused to have his blood sugar tested twice weekly as scheduled, McCrystal discontinued testing. Ouellette continued to receive his diabetes medication.

The medical need at issue here is not diabetes itself, but rather the need for periodic blood sugar testing. McCrystal has not cited—and I have not found—any cases that have held that blood sugar testing alone constitutes a serious medical need. In addition, deliberate indifference requires a condition of urgency that may produce death, degeneration or extreme pain. *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990). Although the self-testing was discontinued nearly two years ago, Ouellette does not allege that he has suffered any adverse health effects from the lack of testing. Nor has he alleged that he is unable to obtain blood sugar testing from the medical department of MacDougall-Walker. Hence, he fails to allege facts demonstrating that the lack of opportunity to conduct self-testing is a serious medical need. *See Swift v. Tweddell*, 582 F. Supp. 2d 437, 450 (W.D.N.Y. 2008) (prison officials not deliberately indifferent to serious medical need where inmate presented no evidence of adverse health effects from alleged failure to monitor blood sugar levels); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (concluding prisoner can make "no claim for deliberate medical indifference unless the denial [of medical treatment] was harmful"). Even were the defendant's decision to discontinue testing ultimately shown to be mistaken, that would constitute at most, medical malpractice, which is not cognizable under section 1983. I conclude that Ouellette fails to allege facts supporting a plausible claim for deliberate indifference to serious medical needs.

### III. Conclusion

The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment and close this case.

So ordered.

5

Dated at Bridgeport, Connecticut, this 24th day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge